UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.: 09-60551- CIV - ZLOCH

AIG CENTENNIAL INSURANCE
COMPANY,

    Plaintiff,

vs.

J. BRIAN O'NEILL, CAROLINA ACQUISITION
LLC, and BANK OF AMERICA N.A.,

              Defendants.                               /

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT CAROLINA ACQUISITION LLC

COMES NOW, the Plaintiff, AIG CENTENNIAL INSURANCE COMPANY ("CENTENNIAL"), by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.5 file this, its Motion for Summary Judgment as to Defendant CAROLINA ACQUISITION LLC ("CAROLINA") and in support thereof states as follows:

### I.    INTRODUCTION

CENTENNIAL issued a policy of marine insurance for a 2005 66' Legacy vessel known as "BRYEMERE" for a policy period beginning April 19, 2007 and continuing through April 19, 2008 at 12:01 a.m. Eastern Standard Time (hereinafter the "Policy"). (Declarations Page attached hereto as Exhibit "A")[1]. The Policy only provides insurance coverage for physical loss or damage to a yacht owned by the named insured on the declarations page. (Policy, Exhibit

---

[1] The Declarations Page and Policy are attached as composite Exhibit "B" to Centennial's First Amended Complaint.

"A"). The **only** named insured on the subject Declarations Page is listed as "J. Brian O'Neill". *Id.* Thus, "CAROLINA ACQUISITION LLC" is not a named insured and cannot claim recovery of damages under the Policy. Accordingly, CENTENNIAL respectfully requests this Court enter Summary Judgment in favor of CENTENNIAL and against Defendant CAROLINA ACQUISITION LLC declaring, as a matter of law, that CAROLINA ACQUISITION LLC is not a named insured under the Policy and has no right to recover damages from CENTENNIAL pursuant to the Policy attached as Exhibit B to CENTENNIAL'S First Amended Complaint.

II.    MATERIAL FACTS IN SUPPORT OF SUMMARY JUDGMENT

1. CENTENNIAL subscribed to a policy of marine insurance, policy number PY-758-66-66, providing certain insurance coverage for a 66' Legacy vessel named "BRYEMERE". (Exhibit "A").

2. Page 1 of the Declarations Page for policy number PY-758-66-66 lists the "Name of Insured and Mailing Address" as follows:

> Name of Insured and Mailing Address:
> J. Brian O'Neill
> Attn: Desiree Foulds
> 2701 Renaissance Boulevard, 4th Floor
> King of Prussia, PA  19406

*Id.*

3. The top of page 2 of the Declarations Page for policy number PY-758-66-66 lists the "Name of Insured" as follows:

> Name of Insured:   J. Brian O'Neill; Vessel Name: Bryemere

*Id.*

4. The top of page 3 of the Declarations Page for policy number PY-758-66-66 lists the "Yacht Insurance Schedule" as follows:

> Yacht Insurance Schedule for J. Brian O'Neill; Vessel Name: Bryemere

5. The Declarations Page does not list "CAROLINA ACQUISITION, LLC" as a named insured under the Policy. *Id*.

6. Part III of the Policy provides Property Coverage as follows:

> **PART III -- PROPERTY COVERAGE**
>
> **A. Insuring Agreement**
>
> This **policy** covers **you** against all risks of **physical loss or damage** to **your yacht** and its contents, fine arts and **personal effects** while on board **your yacht**. This coverage is subject to the **Navigational Limits** and all **policy** terms, conditions and exclusions.

(Exhibit "B").

7. The term "your" is specifically defined in the Policy as follows:

> **PART II -- DEFINITIONS**
>
> Words with special meanings are defined here or in the part of the **policy** where they are used. Throughout the **policy**, defined terms will be noted in bold print when used with the intent to have special meaning.
>
> In this **policy**, the words "you", "your", and "yours" refer to the person or any legal entity named on the Declarations Page as the Named Insured who are the owners of the **yacht**. The words "we", "us" and "our" mean the insurance company named on the Declarations Page.

*Id*.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "material" if it is a legal element of the claim under applicable substantive law which might affect the outcome of the case. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986);

*Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997). An issue is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *See Allen*, 121 F.3d at 646. "If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial." *Kaufman v. Swire Pacific Holdings, Inc.*, 675 F.Supp2d 1148 (S.D. Fla. 2009)(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Here, the record succinctly set forth above is void of any dispute that CAROLINA ACQUISITION LLC is **not** a named insured under the Policy and Summary Judgment is warranted. Indeed, the Declaration Page is the only place that could name CAROLINA ACQUISITION LLC as a named insured and it unequivocally does not do so.

## IV.  MEMORANDUM OF LAW

It is a basic tenet of contract and insurance law – whether interpreted under Pennsylvania or Florida law – that in order to gain the benefit of an insurance policy an individual or legal entity must be afforded coverage under the terms and conditions of a policy for insurance. In the case *sub judice,* Defendant, CAROLINA ACQUISITION LLC, under the clear, unequivocal, and unambiguous terms and conditions of the Policy is not afforded any coverage whatsoever for any loss allegedly sustained by BRYEMERE. Therefore, CENTENNIAL is entitled to Summary Judgment against CAROLINA ACQUISITION LLC declaring, as a matter of law, that CAROLINA ACQUISITION LLC is not entitled to any coverage under the Policy.

The Policy provides Property Coverage to "**you** against all risks of physical loss or damage to **your yacht**". *See* The Policy, Ex. B., p. 5 (emphasis added). According to the Policy definitions the words "you, your, and yours refer to the person or any legal entity named on the Declarations Page as the **Named Insured** who are the owners of the yacht." *Id*. (emphasis added). The Declarations Page issued by CENTENNIAL for insurance coverage on

BRYEMERE only lists "J. Brian O'Neill" as a named insured. Notwithstanding the separate issue, not discussed here, that CAROLINA and not J. Brian O'Neill is the owner of the yacht, CAROLINA is simply not a named insured under the Policy as set forth on the Declarations Page. *See* Declarations Page, Ex. A. The entity that is the owner of the yacht, CAROLINA ACQUISITION LLC" is not listed as a named insured on the Declarations Page. *Id*. Thus, CAROLINA cannot be entitled to coverage under the Policy.

"Whenever the term 'named insured' is employed, it refers only to the person specifically designated upon the face of the contract." *Hartford Ins. Co. v. Fossen*, 1997 WL 136443 (E.D. Pa. 1997)(citing *Stump v. State Farm Mutual Ins. Co.*, 564 A.2d 194 (Pa.Super.Ct. 1989)(suggesting the ordinary meaning of the term "named insured" is appropriate). In *Fossen*, the Court granted summary judgment in favor of the insurer (Hartford) and against the insured (Fossen) because an individual who was not a named insured sought coverage. *Id*. at 6. Here, like in *Fossen*, the insurer (CENTENNIAL) seeks summary judgment against the insured (CAROLINA) because CAROLINA is not a named insured under the policy. Other Pennsylvania Courts have granted summary judgment in similar (or identical) cases. *See Globe Idemnity Co. v. Derevjanik*, 1997 WL 397483 (E.D. Pa. 1997)(declaratory action granting insurer summary judgment for failure of individual to be a named insured on the declarations page); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 1989 WL 153945 (E.D. Pa. 1989)(declaratory action granting insurer summary judgment for failure of individual to be a named insured on the declarations page); *Prudential Property & Casualty Ins. Co. v. Estate of Elias*, 2003 WL 21497543 (E.D. Pa. 2003)(declaratory action granting insurer summary judgment for failure of an individual to be a named insured on the declarations page even though the individual appeared on the face of the declarations page).

HOUCK ANDERSON, ATTORNEYS AT LAW

Florida courts have reached similar conclusions. *Edwards v. Sharkey*, 747 F.2d 684 (11th Cir. 1984)(finding additional insurance policy provisions cannot apply to an individual who was not a named insured); *Discover Property and Casualty Ins. Co. v. Lexington Ins. Co.*, 664 F. Supp. 2d 1296 (S.D. Fla. 2009)(granting insurer summary judgment due to the fact an entity was not a named insured in the insurance policy); *Auto-Owners Ins. Co. v. Habbert*, 2010 WL 3788149 (M.D. Fla. 2010)( declaratory action granting insurer summary judgment for failure of individual to be a named insured on the declarations page); *Official Cargo Transport Co. Inc. v. Crowley Liner Services, Inc.*, 143 Fed. Appx. 173 (11th Cir. 2005)(affirming District Court's granting of summary judgment wherein the entity was not a named insured on the declarations page despite being named on the certificate of insurance); *Atlanta Gas Light Co. v. UGI Utilities, Inc.*, 2005 WL 5660476 (M.D. Fla. 2005)(granting an insurer summary judgment wherein entity was not a named insured)

Thus, while CENTENNIAL maintains Florida choice of law principles mandate application of Pennsylvania law for the interpretation and application of the terms and conditions of the Policy, *see* CENTENNIAL'S Memorandum in Opposition to J. Brian O'Neill's Motion for Leave to Amend Counterclaim (DE 88), the argument on this particular issue is largely academic as both Pennsylvania and Florida law warrant Summary Judgment in favor of CENTENNIAL and against CAROLINA ACQUISITION LLC.

CAROLINA may argue that despite the indisputable fact that CAROLINA was not listed as a named insured on the application, on any of the quotes issued by CETENNIAL, or on any the Declaration Pages issued by CENTENNIAL, Willis of Pennsylvania, acting as the broker agent in the insurance transaction on behalf of O'NEILL issued an ACORD "binder" listing CAROLINA as a named insured on April 19, 2007.  (April 19, 2007 facsimile from Sharon A.

King of Willis to Desiree L. Foulds of O'Neill Properties attached hereto as Exhibit "C").  That "binder" was sent by Willis to Beacon Credit through Desiree Foulds who was handling the ship mortgage transaction on behalf of Bank of America when they requested evidence that the vessel owner, CAROLINA, had the requisite insurance on the yacht.  *Id*.  This binder inaccurately lists named insured as CAROLINA ACQUISITION LLC.  *Id*.

However, there is not, nor can there be, any evidence that Willis issued that "binder" with the authority or knowledge of CENTENNIAL.  (Sean Blue Declaration, Ex. D, ¶ 30).  It cannot be disputed Willis had no authority in their own right to bind CENTENNIAL in any manner or to change the name of the named insured under a policy insured by CENTENNIAL.  *Id*.  Any document issued by Willis reflecting the terms and conditions of the Policy, the named insured or any other material aspect of the coverage afforded by the CENTENNIAL Policy had to be with the knowledge and authority of CENTENNIAL.  *Id*.  A thorough review of the records and documents of both Willis and CENTENNIAL has failed to reveal any evidence that the Willis "binder" naming CAROLINA of a named insurance was ever sent to CENTENNIAL or authorized by CENTENNIAL.  Further, there is no evidence whatsoever in the records of either Willis or CENTENNIAL that Willis ever requested CENTENNIAL to name CAROLINA as a named insured on the subject Policy nor is there any evidence in the records of either Willis or CENTENNIAL that CENTENNIAL ever agreed to do so or, in fact, did so.

J. Brian O'Neill, through his employee Desiree Foulds and Sharon King, his insurance broker at Willis of Pennsylvania, Inc., solicited a quote from CENTENNIAL on April 13, 2007. (April 13, 2007 correspondence from Desiree Foulds (O'Neill) to Sharon King (Willis) to Susan Bonner (CENTENNIAL) attached hereto as Exhibit "E").  CENTENNIAL requested an insurance application be completed and an application was forwarded to Desiree Foulds on April

13, 2007. (April 13, 2007 correspondence and applications attached hereto as Exhibit "F"). The application was completed and forwarded to CENTENNIAL on April 17, 2007. (April 17, 2007 correspondence and completed application attached hereto as Exhibit "G"). The subject line of the April 17, 2007 correspondence is "RE: Boat Quote – PLEASE NOTE – J. Brian O'Neill." *Id*. The owner/beneficial owner name on the application is "J. Brian O'Neill." *Id*. No mention was made whatsoever of CAROLINA either on the application or on any of the accompanying correspondence. *Id*.

CENTENNIAL quoted the vessel for J. Brian O'Neill as named insured on April 17, 2007. (April 17, 2007 correspondence from Susan Bonner (CENTENNIAL) to Willis (Sharon King) and quotation attached hereto as Exhibit "H"). The quotation states the name of insured as "J. Brian O'Neill" and lists his home address of "930 Stoke Road, Villanova PA 19085". *Id*. Again, no mention of CAROLINA is made any where in any of these exchanges.

After CENTENNIAL issued the quotation with O'NEILL as the named insured, O'Neill, through its broker Willis, requested a reduction in the Protection and Indemnity coverage and corresponding premium. (April 19, 2007 4:15 PM correspondence attached hereto as Exhibit "I"). Willis then confirmed the terms of the revised quotation as discussed between Sharon King and Susan Bonner on April 19, 2007 at 5:02 PM and Willis also confirmed the discussion with CENTENNIAL that coverage would be bound "today." *Id*. Significantly, the numbers for coverage and premium in the 5:02 PM differed from in Sharon King's 4:15 PM e-mail suggesting there was a telephone conversation between Sharon King and Susan Bonner in the intervening 47 minutes between the e-mails. At 5:46 PM, Sharon King e-mailed Susan Bonner forwarding a Letter of Compliance (naming J. Brian O'Neill as the named insured) she had received from Desiree Foulds by e-mail at 5:34 PM, and again seeking to confirm the coverage

had been bound. (Exhibit "J"). CENTENNIAL'S Susan Bonner responded to Sharon King at 9:04 PM on 4/1/9/07 advising that the Letter of Compliance had to be completed after the Survey Recommendations had been complied with within 90 days and confirming that the policy would be issued with an effective date of 4/19/07. (Exhibit "K"). Significantly, none of these exchanges between Sharon King and Susan Bonner made any reference whatsoever to changing the named insured to CAROLINA ACQUISITION LLC.

However, at the same time that Sharon King was exchanging e-mails with CENTENNIAL'S Susan Bonner on the final details of the insurance coverage, the Willis records establish that she was also communicating on insurance issues with Desiree Foulds at O'Neill Properties and Peta-Ann Blair at Beacon Credit. The Willis records indicate that at 4:27 PM on 4/19/07 Peta-Ann Blair e-mailed Desiree Foulds inquiring as to the status of the insurance binder. (Exhibit "L"). Desiree Foulds forwarded this e-mail to Sharon King and sent another e-mail to Sharon King at 4:30 PM advising that Melanie Jolles, the Sales Manager at Beacon Credit also needed a copy of the insurance binder. (Exhibit "M").

Sharon King faxed the ACORD "binder" (Exhibit "C") to Desiree Foulds at 5:11 PM on 4/19/07. The Fax transmission sheet states:

> See revised Binder with the LLC name. Sorry for the error.

*Id.* That statement suggests Sharon King had sent an earlier binder to Desiree Foulds with J. Brian O'Neill as the named insured and had then been asked to issue a revised Binder. However, Willis has produced no records which reflect the background of either the "revised" Binder or the apology for "the error."

Desiree Foulds forwarded the "revised" Binder to Melanie Jolles and Peta-Ann Blair at Beacon Credit at 5:27 PM on 4/19/07 (Exhibit "N"). At 5:32 PM on 4/19/07, Peta-Ann Blair of

Beacon Credit e-mailed directly to Sharon King asking her to make further revisions to the Binder and to fax them directly to her at Beacon Credit (Exhibit "O"). Although her 5:46 PM e-mail to Susan Bonner suggests that Sharon King was in her office at 5:32 PM to receive the e-mail from Peta-Ann Blair, Willis has not produced any records that indicate Sharon King made any further revisions to the Binder or sent them to Peta-Ann Blair.

The "revised' Binder allegedly issued by Sharon King on 4/19/07 is a complete anomaly. None of the various documents exchanged between Willis and CENTENNIAL with regard to placement of the Policy, either before or after the 4/19/07 date of the "revised" Binder, make any reference whatsoever to CAROLINA ACQUISITION LLC. Even assuming Willis had, in fact, acted to change the name of the insured on the Policy to CAROLINA ACQUISITION LLC, one would also logically assume such a change would be reflected both in Willis' records and in Willis' subsequent correspondence with regard to the Policy. However, the next day, April 20, 2007, CENTENNIAL issued a revised quotation for the Policy to Sharon King. (Exhibit "P"). The revised quotation indicated the name of insured of the sole insured as "J. Brian O'Neill" and lists his home address of "930 Stoke Road, Villanova PA 19085". *Id*. Neither Sharon King, Desiree Foulds nor any one else responded to CENTENNIAL pointing out that the named insured on the Policy had allegedly been changed and should be CAROLINA rather than O'NEILL.

Subsequently, an initial Declarations Page was issued by CENTENNIAL indicating the sole name insured as "J. Brian O'Neill" and listing his home address of "930 Stoke Road, Villanova PA 19085". (Exhibit "Q"). Again, nothing was heard from Sharon King or Desiree Foulds pointing out that the named insured had allegedly been changed to CAROLINA.

Endorsement Number 1 to the subject Policy was issued by CENTENNIAL on 5/8/07 listing J. Brian O'Neill as the sole named insured. (Exhibit "R"). Nothing was heard from either Willis or Desiree Foulds pointing out that CAROLINA ACQUISITIOS LLC should be listed as a named insured.

Despite ample evidence to both Willis and Desiree Foulds after the alleged 4/19/07 "revised" Binder supposedly changed the named insured to CAROLINA, the CENTENNIAL Policy continued to list O'NEILL as the sole named insured. At no time did either Willis or Desiree Foulds take any action to communicate to CENTENNIAL to ensure that CAROLINA was added to the Policy as a named insured. If, in fact, action had been taken by Desiree Foulds and Willis to communicate to CENTENNIAL on 4/19/07 the need to make CAROLINA a named insured on the Policy and that such action had not been properly effectuated by CENTENNIAL, there is no logical explanation for the total lack of any response on their part to clear evidence that such a change had not been made.

The documents produced by Willis also make clear that despite the anomalous "revised" Binder, Willis' own records continued to reflect J. Brian O'Neill as the sole named insured on the CENTENNIAL Policy. Indeed, the ACORD Property Loss Notice (Exhibit "S") prepared by Willis on 7/20/07 to report the damage to the yacht discovered in Rhode Island as well as every other document or piece or correspondence prepared by Willis thereafter with regard to the claim refers to the sole named insured as J. Brian O'Neill.

The mere fact a "binder" was issued by Willis as agent for O'NEILL and/or CAROLINA to CAROLINA with CAROLINA listed as a named insured is meaningless in terms of CAROLINA'S ability to claim coverage under the CENTENNIAL Policy. First, there is no evidence whatsoever that Willis had any authority to issue such a "binder" on behalf of

HOUCK ANDERSON, ATTORNEYS AT LAW

CENTENNIAL. (Declaration of Sean Blue, Exhibit D, ¶ 30). Second, the issuance by an insured's agent of a "binder" has no lasting legal effect and cannot create coverage where it does not otherwise exist. The binder itself states it is a "temporary insurance contract, subject to the conditions shown on the reverse side of this form." (Exhibit "C"). The reverse side states "[t]he insurance is subject to the terms, conditions, and limitations of the policy(ies) in current use by the Company." *Id* at p.3. Further, the "binder is cancelled when replaced by a policy." *Id* at p.3. The Policy was issued subsequent to the binder, thus, the binder was replaced and rendered ineffective per the terms and conditions of the binder. In an almost identical situation, the Eleventh Circuit agreed with an insurer and granted Summary Judgment in favor of an insurer and against an entity who was named in a certificate of insurance but not as a named insured under the Policy. *Official Cargo Transport Co. Inc. v. Crowley Liner Services, Inc.*, 143 Fed. Appx. 173 (11th Cir. 2005); *see also Penn National Ins. v. HNI Corp.*, 482 F.Supp.2d 568 (M.D. Pa. 2007)(finding an entity not listed as a named insured but listed on the certificate of insurance has no coverage). This case is no different and Summary Judgment is appropriate.

## V. CONCLUSION

For the reasons set forth above, CENTENNIAL moves for Summary Judgment against CAROLINA ACQUISITION LLC declaring, as a matter of law, the nonexistence of insurance coverage for CAROLINA ACQUISITION LLC for any loss sustained by BRYEMERE inasmuch as CAROLINA is not a named insured under the subject Policy.

WHEREFORE, the Plaintiff, AIG Centennial Insurance Company, respectfully requests this Court to enter an Order granting this Motion for Summary Judgment as to CAROLINA ACQUISITION LLC and for such other and further relief as this Court deems just and appropriate under the circumstances.

HOUCK ANDERSON, ATTORNEYS AT LAW

Respectfully submitted,

    */s/ Charles S. Davant*
ANDREW W. ANDERSON
Florida Bar No.: 213144
aanderson@houckanderson.com
LAWRENCE JACOBSON.
Florida Bar No.: 0846201
ljacobson@houckanderson.com
CHARLES S. DAVANT
Florida Bar No.: 15178
cdavant@houckanderson.com
HOUCK ANDERSON P.A.
Attorneys for Plaintiff
200 South Biscayne Boulevard, Suite 300
Miami, Florida 33131-2332
Telephone: (305) 372-9044
Facsimile: (305) 372-5044

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of November, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    */s/ Charles S. Davant*
Charles S. Davant

CASE NO.: 09-60551-CIV-ZLOCH

## SERVICE LIST

**Counsel for Bank of America, N.A.**

J. Randolph Liebler, Esquire
Christopher M. Drury, Esquire
Liebler, Gonzalez & Portuondo, P.A.
Courthouse Tower – 25th Floor
44 West Flagler Street
Miami, Florida  33130
E-mail: jrl@lgplaw.com
          cmd@lgplaw.com
Telephone:  (305) 379-0400
Telefax:      (305) 379-9626

**Counsel for J. Brian O'Neill & Carolina Acquisition, LLC**

Meghan C. Moore, Esquire
R. Hugh Lumpkin, Esquire
Ver Ploeg & Lumpkin, P.A.
100 SE 2nd Street, 30th Floor
Miami, Florida 33131
E-mail: mmoore@vpl-law.com
          rlumpkin@vpl-law.com
Telephone:  (305) 577-3996
Telefax:      (305) 577-3550

HOUCK ANDERSON, ATTORNEYS AT LAW