UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO.: 09-60551- CIV - ZLOCH

AIG CENTENNIAL INSURANCE
COMPANY,

    Plaintiff,
vs.
J. BRIAN O'NEILL, CAROLINA ACQUISITION
LLC, and BANK OF AMERICA N.A.,

    Defendants.
_____/

### PLAINTIFF AIG CENTENNIAL INSURANCE COMPANY'S MEMORANDUM IN OPPOSITON TO DEFENDANTS', J. BRIAN O'NEILL, CAROLINA ACQUISTION, LLC., MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO AIG CENTENNIAL INSURANCE COMPANY'S MOTION TO STRIKE AND/OR LIMIT REPORT, REBUTTAL REPORT AND TESTIMONY OF DEFENSE EXPERT DAVID PEDRICK

COMES NOW, the Plaintiff/Counter-Defendant, AIG CENTENNIAL INSURANCE COMPANY ("CENTENNIAL"), by and through undersigned counsel and pursuant to the S.D. L. R. 7.1, and files its Response and Memorandum in Opposition to Defendants' J. BRIAN O'NEILL ("O'NEILL") and CAROLINA ACQUISITION, LLC. ("CAROLINA") Motion for Enlargement of Time [DE-165] and in support thereof, states as follows:

    1.    Defendant's Motion for Enlargement of Time [DE 165] appeared on the docket of the CM/ECF System at 5:17 p.m. on Monday, January 17, 2011.

    2.    Through their Motion, counsel for Defendants O"NEILL and CAROLINA seek an enlargement of time to January 24, 2011 citing work load and conflicts associated with other cases.

    3.    In paragraph 6 of their Motion, counsel for O'NEILL and CAROLINA state that they had both twice called and twice e-mailed CENTENNIAL's counsel to request a brief enlargement of time but, "to date" counsel for CENTENNIAL has not responded.

    4.    Counsel for O'NEILL and CAROLINA also attached to their Motion for Enlargement of Time [DE 165] a Certificate of Good Faith Conference pursuant to Local Rule

1

7.1(A)(3) certifying that they attempted to confer with counsel for CENTENNIAL "…but has received no response."

5. The clear implication intended by counsel for O'NEILL and CAROLINA by the statements set forth in paragraph 6 of the Motion as well as in the Local Rule 7.1(A)(3) Certification is that, as required by Local Rule 7.1(A)(3) counsel for O'NEILL and CAROLINA made a "reasonable effort" to confer with counsel for CENTENNIAL in a "good faith" effort to resolve the dispute, but their inability to do so may be properly attributed to a failure on the part of counsel for CENTENNIAL to respond to those efforts.

6. We further note that Local Rule 7.1(A)(3) provides that in situations where the counsel for the movant has made a reasonable effort to confer with the parties who may be affected by the relief sought but has been unable to do so, those efforts to confer with opposing counsel shall be identified with specificity in the statement.

7. Unfortunately, counsel for Defendants O'NEILL and CAROLINA have not complied with either the letter nor the spirit of Local Rule 7.1(A)(3). In their efforts to create the implication that the failure to confer pursuant to Local Rule 7.1(A)(3) can be properly attributed to a failure to respond on the part of CENTENNIAL's counsel, they have been less than candid with Court and have not, as required by Local Rule 7.1(A)(3) specifically identified efforts made to confer with counsel for CENTENNIAL.

8. The Court is respectfully invited to take judicial notice of the fact that Monday, January 17, 2011 was a duly declared Federal Holiday, observing the birthday of Martin Luther King. As such, federal courts and offices were closed for the Martin Luther King Holiday, as well as the office of Houck Anderson P.A., counsel for CENTENNIAL.

9. As reflected in Exhibit A, at 1:53 p.m., Audwin Lezasseur, counsel for O'NEILL and CAROLNIA, attempted to call the offices of Houck Anderson P.A. and this call was answered by the firm's answering service. As reflected in Exhibit A, Mr. Lezasseur left a message with Lawrence Jacobson, one of the attorney's at Houck Anderson P.A. asking Mr. Jacobson to call him regarding the AIG v. O'Neill case.

10. The next question arises with regard to this attempted contact of Mr. Jacobson by Mr. Lezasseur as to why Mr. Lezasseur was attempting to contact Mr. Jacobson at all. As counsel for O'NEILL and CAROLINA was well aware, the deposition of defense expert David Pedrick was taken by the undersigned counsel for CENTENNIAL, Andrew W. Anderson.

2

Further, as counsel for O'NEILL and CAROLINA, Meghan Moore, was well are, it was the undersigned counsel who consulted with her pursuant to Local Rule 7.1(A)(3) with regard to efforts to resolve the issues raised by CENTENNIAL's Motion to Strike Mr. Pedrick's reports and testimony prior to filing of such Motion. Further, when the Motion to Strike was in fact filed by counsel for CENTENNIAL, the Motion was jointly prepared by the undersigned counsel and his associate Charles Davant whose name actually appears in the signature block as the attorney filing the Motion on behalf of CENTENNIAL. Accordingly, Mr. Jacobson had no involvement in either the deposition, the original Local Rule 7.1(A)(3) consultation regarding the Motion to Strike or did he sign and file the Motion to Strike. Accordingly, efforts to contact Mr. Jacobson, rather than Mr. Anderson and Mr. Davant, raise the question of whether or not such efforts were in "good faith" to begin with.

11. As reflected in Exhibit B, Mr. Lezasseur called Mr. Jacobson again at 2:08 p.m. and again, his call was answered by the firm's answering service. Mr. Lezasseur left a second message for Mr. Jacobson correcting a telephone number left on his previous message 15 minutes before.

12. Having attempted to call the offices of Houck Anderson P.A. twice on a federally declared holiday and having reached the answering service on each occasion, there can be little doubt that at that point, Mr. Lezasseur was acutely aware of the fact that the offices of Houck Anderson P.A. were closed for the Martin Luther King holiday.

13. The next action taken by Mr. Lezasseur was to send an e-mail to Mr. Jacobson, attached hereto as Exhibit C, at 2:28 p.m. Despite the fact that Meghan Moore and her associate Mr. Lezasseur were well aware of the fact that the undersigned counsel had not only been involved with the deposition Local Rule 7.1(A)(3) consultation and other issues associated with the Motion to Strike Mr. Pedrick's testimony and, in fact, had communicated with Ms. Moore regarding said issues on a Blackberry PDA, no effort was made to contact the undersigned counsel by telephone or e-mail concerning this issue. Had an e-mail been sent to undersigned counsel by either Ms. Moore or Mr. Lezasseur, undersigned counsel would have received it on a PDA and would have been in a position to respond and confer with Ms. Moore or Mr. Lezasseur. However, as abundantly made clear by Exhibit C, no effort was made by counsel for O'NEILL and CAROLINA to communicate with anybody other than Mr. Jacobson, an individual not involved with regard to the Motion to Strike in their efforts to confer in "good faith" with

opposing counsel concerning the Motion. Further, when Exhibit C was sent to Mr. Jacobson at 2:28 p.m., on January 17, 2011, to his office e-mail address, it was abundantly clear to Mr. Lezasseur that the office was closed and Mr. Jacobson was extremely unlikely to receive it.

14. As reflected in Exhibit B, Mr. Lezasseur sent another e-mail to Mr. Jacobson at 2:30 p.m., correcting the date on his previously e-mail, Exhibit C, from January 24, 2010 to January 24, 2011. Thus, Exhibits A, B, C and D are the two calls and two e-mails reflected in paragraph 6 of Defendant's Motion for Enlargement of Time [DE 165].

15. It is equally clear that all of "good faith" efforts made by counsel for O'NEIL and CAROLINA to confer with opposing counsel pursuant to Local Rule 7.1(A)(3) were made over a period of 37 minutes from 1:53 p.m. to 2:30 p.m. on the afternoon of a Federal Holiday, the date before the response to the Motion was due, by making telephone calls to and sending e-mails to an office they knew to be closed because of the Federal Holiday and addressing those telephone calls and e-mails to an individual they knew not to be involved in the Motion for which they sought a conference with opposing counsel.

16. Accordingly, a proper compliance with the requirements of Local Rule 7.1(A)(3) would have required counsel for O'NEILL and CAROLINA to candidly state to the Court that the efforts to contact counsel for Plaintiff had been made by telephone calls and e-mails the same day the Motion was filed but that they were unable to contact counsel for Plaintiff due to the fact that their offices were closed due to the federal Martin Luther King holiday. However, counsel for O'NEILL and CAROLINA chose not to be candid with the Court with regard to the fact that they had been unable to contact Plaintiff's counsel due to the Federal Holiday nor did they identify their efforts to contact opposing counsel with specificity as required by Local Rule 7.1(A)(3). Rather, counsel for O'NEILL and CAROLINA attempted to imply that the reason why they were unable to confer as required by Local Rule 7.1(A)(3) was because counsel for CENTENNIAL had not responded to their efforts.

17. Had counsel for O'NEILL and CAROLINA made a proper and appropriate "good faith" effort to confer with counsel for CENTENNIAL concerning the relief sought by their Motion by contacting the undersigned counsel who they knew to be the attorney primarily involved in the deposition and the Motion to Strike, they could have simply sent an e-mail to the undersigned counsel who would have received it on a Blackberry PDA Undersigned counsel would then have responded to counsel for O'NEILL and CAROLINA and conferred, in good

4

faith, with them concerning the relief sought. During such a conference, undersigned counsel would have told counsel for O'NEILL and CAROLINA that, as a matter of professional courtesy, undersigned counsel would be agreeable to some extension of time with regard to their response to the subject Motion to Strike. However, undersigned counsel would also have advised counsel for O'NEILL and CAROLINA that their proposed response date of Monday, January 24, 2011 created difficulties for undersigned counsel. Specifically, for the 10-day period after January 24, 2011 provided under the Local Rules for the preparation and filing of a Reply to their Response, undersigned counsel will be out of the state and/or out of the office for a combination of travel on other businesses and for medical treatment. Accordingly, undersigned counsel would have conferred with counsel for O'NEILL and CAROLINA in an effort to reach an agreement that would have provided for them to file their Response by the close of business on Friday, January 21, 2011 or, in the alternative, to have an agreement as part of the consultation to include in their Motion an agreement to provide Plaintiff's counsel with a corresponding enlargement of time up to and including Monday, February 14, 2011 to file a Reply. However, undersigned counsel was not afforded the opportunity to engage in such a good faith conference with counsel for O'NEILL and CAROLINA.

18.   As set forth in detail *supra,* counsel for Plaintiff takes strong exception to the clear implication contained in paragraph 6 of Defendants' Motion for Enlargement of Time [DE 165] and in the Local Rule 7.1(A)(3) "good faith" Certification attached thereto that the inability to resolve the issues raised by Defendants' Motions may be properly attributed to a failure on the part of Plaintiff's counsel to respond to the "good faith" efforts of Defendants counsel. Plaintiff's counsel also takes strong exception to the failure of Defendants' counsel to comply with either the letter or the spirit of Local Rule 7.1(A)(3). Notwithstanding the foregoing, CENTENNIAL's counsel is willing, as set forth herein, to agree to an enlargement of time for counsel for O'NEILL and CAROLINA to respond to CENTENNIAL's Motion either by the close of business on Friday, January 21, 2011, thus allowing CENTENNIAL's counsel the following weekend to get started on a Reply or, in the alternative, to allow CENTENNIAL's counsel its corresponding 10-day enlargement of time to file a Reply up to and including February 14, 2011, given the unavailability of undersigned counsel to be in a position to properly respond to Defendant's Response during the 10-day period following Monday, January 24, 2011.

**WHEREFORE**, Plaintiff/Counter-Defendant, AIG CENTENNIAL INSURANCE COMPANY respectfully prays for an Order from this Honorable Court denying Defendants' Motion for Enlargement of Time [DE 165]; and for such other and further relief the Court deemed just and appropriate in the circumstances.

Respectfully submitted,

s/ *Andrew W. Anderson*
ANDREW W. ANDERSON, ESQ.
Florida Bar No.: 213144
Anderson@houckanderson.com
LAWRENCE JACOBSON, ESQ.
Florida Bar No.: 0846201
ljacobson@houckanderson.com
CHARLES S. DAVANT
Florida Bar No.: 15178
cdavant@houckanderson.com
HOUCK ANDERSON P.A.
Attorneys for Plaintiff
1500 Cordova Road., Suite 300
Ft. Lauderdale, Florida 33316
Telephone: (305) 372-9044
Facsimile:  (954) 463-8752

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of January, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*Andrew W. Anderson*
Andrew W. Anderson

6

## SERVICE LIST

**Attorneys for Bank of America, N.A.**

J. RANDOLPH LIEBLER, ESQUIRE
CHRISTOPHER M. DRURY, ESQUIRE
Liebler, Gonzalez & Portuondo, P.A.
Courthouse Tower – 25th Floor
44 West Flagler Street
Miami, Florida 33130
Telephone: 305-379-0400
Telefax: 305-379-9626
Email: jrl@lgplaw.com
       cmd@lpglaw.com

**Attorneys for J. Brian O'Neill**
Meghan C. Moore, Esq.
Jeffrey L. Greyber, Esq.
Ver Ploeg & Lumpkin, P.A.
100 SE 2nd Street, 30th Floor
Miami, Florida 33131
Telephone: 305-577-3996
Telefax: 305-577-3550
Email: mmoore@vpl-law.com
       jgreyber@vpl-law.com