UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60551-CIV-ZLOCH

AIG CENTENNIAL INSURANCE
COMPANY,

      Plaintiff,

vs.                                          **O R D E R**

J. BRIAN O'NEILL, CAROLINA
ACQUISITION LLC, and BANK OF
AMERICA N.A.,

      Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiff/Counter-Defendant AIG Centennial Insurance Company's Motion To Strike And/Or Limit Report, Rebuttal Report And Testimony Of Defense Expert David Pedrick (DE 140) and Plaintiff/Counter-Defendant AIG Centennial Insurance Company's Motion To Strike The Errata Sheet To The December 8, Deposition Testimony Of David Pedrick (DE 210). The Court has carefully reviewed said Motions, the entire court file and is otherwise fully advised in the premises.

    Plaintiff's instant Motions (DE Nos. 140 & 210) are related to a previous trial in which expert witness David Pedrick testified. See Carolina Acquisition, LLC v. HMY Yacht Sales, Inc. et al, Case No. 07-61738-CIV-ZLOCH. In that case, and in the above-styled cause, Pedrick has offered expert opinions regarding the luxury yacht M/Y Bryemere. In the instant litigation, Pedrick submitted expert Reports (DE Nos. 140-3 & 140-7), gave deposition testimony on December 8, 2010, (DE Nos. 157-1 & 157-2), and submitted an errata sheet to his deposition (DE 174-3). Plaintiff moves to

strike Pedrick's testimony and Reports on two bases. First, Plaintiff argues that under the doctrine of judicial estoppel, the testimony contained in Pedrick's deposition and Reports materially contradicts his testimony in the previous litigation. Plaintiff next argues that Pedrick's testimony does not meet the requirements for expert witness testimony set forth in Daubert v. Merrell Dow Pharms., 509 U.S. 579 (1993). See DE Nos. 140 & 195.

Under the doctrine of judicial estoppel, the court looks to three factors: (1) "whether a party's later position is 'clearly inconsistent' with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled'"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001) (internal citations omitted). The Court finds that David Pedrick's deposition testimony and expert Reports in the instant case are not "clearly inconsistent" with his testimony in the previous litigation. Therefore, the Court does not reach the other two factors and finds that Plaintiff has not established its judicial estoppel claim.

Plaintiff's next argument concerns whether Pedrick's testimony is admissible as expert testimony under Federal Rule of Evidence 702 and Daubert, in which the Supreme Court held that a district

2

court must act as a gatekeeper to ensure that any scientific testimony admitted at trial is reliable. Daubert, 509 U.S. at 594-95; see also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999) (extending the application of Daubert to not only scientific testimony but all expert testimony, including technical testimony). Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. According to Plaintiff, Pedrick's expert opinions are inadmissible under Rule 702 and Daubert because they are based on insufficient data and lack sufficient foundation.

Plaintiff's first argument, that Pedrick's expert opinions are based on insufficient data, lacks merit. Plaintiff contends that after speaking with Assistant Project Manager L.J. Gallagher, Pedrick relied on Gallagher's "emotional seriousness" to determine when the fuel tank brackets of M/Y Bryemere failed. See DE 140. However, as Defendants explain, Pedrick did not rely solely on this conversation with Gallagher; instead, he used the following data to form an opinion as to the timing of the fuel tank bracket failure:

3

"scantling drawings of the vessel; prior notes, calculations, [and] photographs; John Reeve and Tom Price's pre-purchase survey; direct communications with Bryemere crew and Price; his personal review and analysis of numerous deposition transcripts of Bryemere['s] crew[] and other engineers who observed the vessel first-hand including Matthew Smith and Eric Leslie of Hinckley Yacht Services in Rhode Island; AIG's expert witness reports and other reports completed by Bruce Pfund (July 25, 2007 Vessel Report), Matthew Smith (July 13, 2007 Report), and Kevin Calhoun (March 30, 2007 letter report, Double Billed Sea Trial Results); and a Compuweather report detailing wind speed, wind direction and sea states during Bryemere's voyage to Rhode Island." See DE 174 at pp. 12-13. The Court finds that the sources listed constitute sufficient data upon which Pedrick based his expert opinions.

The Court finds that Plaintiff's next claim, that Pedrick's opinions lack sufficient foundation, is also without merit. In Daubert, the Supreme Court set out a list of four non-exhaustive factors the district court should consider in determining the reliability of an expert opinion: (1) whether the theory can be (and has been) tested; (2) whether the theory "has been subjected to peer review and publication"; (3) whether the theory has a "known or potential rate of error"; and (4) whether the theory has gained "widespread acceptance" in the particular scientific community. Daubert, 509 U.S. at 593-94.

4

Again, Plaintiff argues that Pedrick based his opinion of the timing of the failure of the fuel tank brackets on a subjective determination Pedrick made in his conversation with Gallagher, and if this fact is discarded, Pedrick would have no basis upon which to determine when the fuel tank brackets failed. See DE 140. In its Response (DE 174) to Plaintiff's first Motion To Strike (DE 140), Defendants contend that at trial Pedrick will testify to, among other things, "the materials used in the physical composition of the vessel; the theory and technique underlying his opinions concerning the behavior of stress concentrations and fatigue on those materials when subjected to hydrodynamic loading and vertical acceleration; and the deductive reasoning, drawn from years of experience and engineering practice, employed by him in determining how and when the catastrophic failure of the Bryemere occurred." DE 174 at p. 15. Further, Defendants contend that Pedrick relied on the engineering analyses he conducted while employed with AIG in coming to his conclusions in this case. See DE 174. Defendants allege that Pedrick evaluated the design engineering of M/Y Bryemere by using formulas derived from the American Bureau of Shipping Guides and the Norwegian equivalent, Det Norske Veritas, both of which "have been subjected to peer review, are accurate and reliable . . . and are generally accepted within the community of naval architects and marine engineers." DE 174 at p. 16 (citing 46 C.F.R. § 70.35-1).

5

Similarly, Plaintiff's argument that Pedrick lacks the basis to testify to the timing of the delamination is without merit. As Defendants assert, "Pedrick will testify at trial that his opinion is based on his engineering knowledge, [and] examination of his prior calculations and analysis," among other considerations. DE 174 at p. 19.

The Court thus finds that Plaintiff's arguments essentially concern the weight Pedrick's testimony should be given at trial, and not its admissibility. While the district court is meant to "screen" expert testimony for relevance and reliability, the district court is "not intended to usurp the role of the jury as finder of fact. 'Indeed, conscientious application of this rule should result in the exclusion of expert testimony being the exception rather than the rule.'" Lord v. Fairway Elec. Corp., 223 F. Supp. 2d 1290, 1279 (M.D. Fla. 2002) (quoting Allison v. McGhan, 184 F.3d 1300, 1311 (11th Cir. 1999)). The Plaintiff's arguments are more appropriate for trial, through "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof," which "are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596.

Consequently, the Court finds that Plaintiff's claims are without merit and therefore, Plaintiff's Motion To Strike And/Or Limit Report, Rebuttal Report And Testimony Of Defense Expert David

6

Pedrick (DE 140) will be denied.

Plaintiff has also filed its Motion To Strike The Errata Sheet To The December 8, 2010 Deposition Testimony Of David Pedrick (DE 210). By that Motion, Plaintiff seeks to strike portions of Pedrick's Errata Sheet (DE 174-3) that allegedly substantially and materially contradict his December 8, 2010 deposition testimony (DE Nos. 157-1 & 157-2) and his expert Reports (DE Nos. 140-3 & 140-70).

Under Federal Rule of Civil Procedure 30(e), a deponent may make changes to his deposition testimony:

> (e) Review by the Witness; Changes.
> (1)Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
> (A) to review the transcript or recording; and
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e). There is no Eleventh Circuit precedent dictating whether a deponent may readily make substantive changes to his deposition, specifically when those changes are material in nature. However, the Eleventh Circuit affirmed, without opinion, the Middle District of Florida's ruling in Reynolds v. Int'l Bus. Machines Corp., 320 F. Supp. 2d 1290, 1301 (M.D. Fla. 2004) aff'd 125 F. App'x 982 (11th Cir. 2004), in which the court adopted a narrow reading of Rule 30(e). The Reynolds court held that only

7

"obvious confusion" in a deposition could justify the witness's material alterations in the errata sheet.  Id.  Although Reynolds is not binding authority, the Court finds its reasoning persuasive.

Rule 30(e) has been interpreted in two ways.  It has been read broadly to allow for material alterations to a deposition in an errata sheet.  See, e.g., Cultivos Yadran S.A. v. Rodriquez, 258 F.R.D. 530 (S.D. Fla. 2009).  It has also been interpreted narrowly to stand for the proposition that a district court may disregard an errata sheet where "the corrected testimony contradicts the original testimony, and Plaintiff[] fail[s] to provide a sufficient justification for the change."  In re Trasylol Prods. Liab. Litig., 2010 WL 5151579, at *8 (S.D. Fla. Nov. 16, 2010).

The Court adopts a narrow construction of Rule 30(e) in line with the holding in In re Trasylol.  In keeping with the Rule's spirit of permitting the correction of mere typographical or transcriptional errors, the court may disregard material alterations in an errata sheet that contradict the deposition testimony and are not sufficiently justified by the deponent.  To permit the consideration of contradictory testimony in the errata sheet would "allow one to alter what was said under oath."  Greenway v. Int'l Paper Co., 144 F.R.D. 322, 325 (W.D. La. 1992).  The Court notes that unlike an interrogatory, "[a] deposition is not a take home examination."  Id.

The Court finds that certain portions of the Errata Sheet (DE 174-3) materially contradict David Pedrick's deposition testimony and have not been sufficiently justified by the deponent.

8

Consequently, the Court will not consider the following portions of the Errata Sheet:

>(1) The Change In Answer on page 63 of the deposition, lines 13-18;
>(2) The Change In Answer on page 161 of the deposition, lines 19-24;
>(3) The Change In Answer on pages 198-99 of the deposition, lines 13-16 and line 10;
>(4) The Change In Answer on pages 199-200 of the deposition, lines 23-24; and
>(5) The Change In Answer on pages 202-03 of the deposition, lines 24-16.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion To Strike And/Or Limit Report, Rebuttal Report And Testimony Of Defense Expert David Pedrick (DE 140) be and the same is hereby **DENIED**; and

2. Plaintiff's Motion To Strike The Errata Sheet To The December 8, Deposition Testimony Of David Pedrick (DE 210) be and the same is hereby **GRANTED**, consistent with the terms and conditions of this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___28th___ day of September, 2011.

／s／ William J. Zloch
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record