UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60551-CIV-ZLOCH

AIG CENTENNIAL INSURANCE
COMPANY,

      Plaintiff,

vs.                                    **OMNIBUS ORDER**

J. BRIAN O'NEILL, CAROLINA
ACQUISITION LLC, and BANK OF
AMERICA N.A.,

      Defendants.
_____/

      THIS MATTER is before the Court upon Plaintiff AIG Centennial Insurance Company's Motion For Summary Judgment As To Defendant Carolina Acquisition LLC (DE 109), Motion For Summary Judgment Against Defendant J. Brian O'Neill (DE 111), and Motion For Summary Judgment As To Defendant Bank Of America N.A. (DE 112), and Defendants J. Brian O'Neill, Carolina Acquisition, LLC And Bank Of America's Omnibus Motion For Partial Summary Judgment (DE 113). The Court has carefully reviewed said Motions, the entire Court file and is otherwise fully advised in the premises.

I. **Background**

      Plaintiff AIG Centennial Insurance Company (hereinafter "AIG Centennial") initiated this action with the filing of its Complaint (DE 1) for a declaratory judgment against Defendants J. Brian O'Neill and Bank Of America. Plaintiff seeks a judgment declaring that it has no responsibility to provide insurance coverage for the

losses sustained by the vessel M/Y Bryemere. Plaintiff's First Amended Complaint added Carolina Acquisition, LLC as a Defendant in this matter (DE 31). Plaintiff's operative First Amended Complaint (DE 31) includes four counts: (I) a claim seeking a declaration that the loss sustained by M/Y Bryemere is not a covered loss; (II) a claim of breach of the absolute warranty of seaworthiness under general maritime law against O'Neill, Carolina Acquisition, LLC, and Bank of America; (III) a claim of misrepresentation against O'Neill; and (IV) a claim of misrepresentation against Bank of America.

The Parties do not contest the following facts. On March 7, 2007, Defendant O'Neill entered into an agreement to purchase M/Y Bryemere, known at that time as the Double Billed, a 66 foot motor yacht [hereinafter "the vessel"]. DE 152 ¶ Nos. 7 & 16. Carolina Acquisition, a limited liability company of which O'Neill is the sole member and shareholder, is the registered title owner of M/Y Bryemere. DE 152 ¶ Nos. 3 & 4. Carolina Acquisition obtained a loan from Bank of America for $1,976,000.00 to pay for the vessel, which was secured by a ship's mortgage. DE 152 ¶ 31. In April of 2007, O'Neill applied for insurance coverage for the vessel with AIG Centennial. DE 152 ¶ 27. AIG Centennial issued Policy Number 758-66-66 to O'Neill on April 19, 2007, which provides coverage for "all risks of physical loss or damage to the yacht" but excludes from coverage "any loss, damage, claim or expense caused directly or indirectly, in whole or in part by any defect in design or

manufacture of the yacht or any additional or replacement part, component or system of the yacht." DE 152 ¶ Nos. 35, 37, & 39 (internal quotation marks omitted). The Policy further provides coverage for "any physical loss or damage to the yacht resulting from or caused by the latent defect . . . ." DE 152 ¶ 40. Bank of America is listed as the "Loss Payee" on the Policy. DE 152 ¶ 34.

The vessel departed from Palm Beach, Florida, on June 29, 2007, and arrived in Newport, Rhode Island, on July 4, 2007. DE 152 ¶ 46. During the boat's passage up the East coast, the Bryemere crew noticed "considerable flexing in the vessel's hull." DE 152 ¶ 47. The Parties agree that O'Neill timely gave notice of an insurance claim to AIG Centennial; however, they vigorously dispute the timing of when any damage to the vessel manifested. DE 152 ¶ 48.

Plaintiff first claims that because the only named insured on the Policy is J. Brian O'Neill, Carolina Acquisition, LLC cannot recover under the Policy. Plaintiff next argues that there is no coverage under its Policy because the vessel's structural defects were the result of the manner in which she was constructed or manufactured and the Policy expressly excludes such losses. Further, according to Plaintiff, O'Neill did not deal with Plaintiff with utmost good faith, as required when applying for marine insurance. Plaintiff alleges that O'Neill failed to fully disclose his loss history on his insurance application. Finally, Plaintiff argues that the physical loss occurred outside of the relevant

Policy period.

In response, Defendants submit that the evidence in the record demonstrates the catastrophic loss to the vessel occurred during, and not prior to, the Policy period. According to Defendants, the latent defects provision in the Policy provides coverage based on the facts of this case. Further, they contend the flaws in the construction of the vessel were not discoverable by ordinary observation or known methods of testing, and the eventual loss was unforeseen. Finally, Defendants argue that the absolute warranty of seaworthiness is inapplicable here as it was modified by the Policy's coverage of damage caused by latent defects.

Plaintiff has filed three Summary Judgment Motions: Plaintiff's Motion For Summary Judgment As To Defendant Carolina Acquisition LLC (DE 109), Plaintiff AIG Centennial Insurance Company's Motion For Summary Judgment Against Defendant J. Brian O'Neill (DE 111), and Plaintiff's Motion For Summary Judgment As To Defendant Bank Of America N.A. (DE 112). Defendants J. Brian O'Neill, Carolina Acquisition, LLC and Bank Of America have filed their Omnibus Motion For Partial Summary Judgment (DE 113) as to Counts I, II, and III of the operative First Amended Complaint (DE 31).

On October 4, 2011, the Court ordered additional briefing on three issues: (1) whether Carolina Acquisition, LLC is a named insured on the subject Policy; (2) whether AIG Centennial Insurance Company would have issued the Policy had it known title to the

vessel was in the name of Carolina Acquisition, LLC; and (3) whether there is any significance to the fact that J. Brian O'Neill is the sole member and shareholder of Carolina Acquisition, LLC. DE 262. The Parties subsequently filed addenda to their previous Motions for Summary Judgment. See DE Nos. 270, 272, & 273.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)(quotation omitted). Indeed,

> the moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991);

Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. Celotex Corp., 477 U.S. at 322; Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987). Further, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. Analysis

The instant case is before the Court pursuant to 28 U.S.C. § 1333, admiralty and maritime jurisdiction. Absent a specific federal rule, federal courts look to state law for principles governing interpretation of maritime insurance contracts. Wilburn Boat Co. et al. v. Fireman's Fund Insurance Co., 348 U.S. 310, 313-14 (1955). Federal maritime choice of law rules determine which state's law to apply by evaluating which state has the most significant relationship to the contract in dispute. Dresdner Bank v. M/V Olympia Voyager, 446 F.3d 1377, 1382 (11th Cir. 2006). By prior Order (DE 150), the Court found that, in the absence of controlling federal authority, Pennsylvania law applies to the interpretation of the maritime insurance contract at issue. See DE 150.

The Court notes, after a careful review of the entire court record herein, that genuine issues of fact remain to be tried. First, in its Motion For Summary Judgment As To Defendant Carolina Acquisition LLC, (DE 109), Plaintiff argues that because Defendant O'Neill, and not Carolina Acquisition, LLC, was the named insured on the Policy, Carolina Acquisition has no legal right to enforce the Policy against AIG Centennial. As to this claim, genuine issues of fact remain to be tried. For example, the question of whether Willis of Pennsylvania acted as an agent of Plaintiff AIG Centennial Insurance Company when it issued the insurance binder naming Carolina Acquisition, LLC as the "Insured" under the Policy is a material fact that remains to be tried in determining whether Plaintiff knew of the existence of Carolina Acquisition, LLC when it issued the subject Policy. Further, under the doctrine of <u>uberrimae fidei</u>, whether Defendant O'Neill's omission of the existence of Carolina Acquisition, LLC when he applied for the subject Policy was material to AIG Centennial Insurance Company's decision to insure the vessel, remains to be tried.

The Parties also vigorously dispute the timing of the loss that led to the failure of the vessel, and there is evidence in the record to support the positions of both Parties. Whether this loss occurred before or during the Policy period, as defined in the contract, is a genuine issue of material fact for the Court to determine. Similarly, the Court will determine whether the damage

to the boat resulted from manufacturing defects or solely latent defects in the material of construction. These and other questions of fact are left unanswered by the exhibits and affidavits submitted herein.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff AIG Centennial Insurance Company's Motion For Summary Judgment As To Defendant Carolina Acquisition LLC (DE 109), Motion For Summary Judgment Against Defendant J. Brian O'Neill (DE 111), and Motion For Summary Judgment As To Defendant Bank Of America N.A. (DE 112) and Defendants J. Brian O'Neill, Carolina Acquisition, LLC And Bank Of America's Omnibus Motion For Partial Summary Judgment (DE 113), be and the same are hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of February, 2012.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

8