UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:09-cv-60551-WJZ

AIG CENTENNIAL INSURANCE COMPANY,

        Plaintiff,

vs.

J. BRIAN O'NEILL, CAROLINA ACQUISITION LLC and BANK OF AMERICA, N.A.,

        Defendants.
_____/

### DEFENDANT, BANK OF AMERICA, N.A.'S, MOTION FOR JUDGMENT ON PARTIAL FINDINGS

BANK OF AMERICA, N.A. ("Bank of America" or "BOA"), through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 52(c), hereby moves for an order granting judgment on partial findings in its favor as a matter of law. In support thereof, states as follows:[1]

### INTRODUCTION

This Court should grant Defendant, Bank of America's, Motion for Judgment on Partial Findings as Plaintiff's defenses to coverage under the Policy with respect to Bank of America are insufficient as a matter of law. In its First Amended Complaint, Plaintiff, AIG Centennial Insurance Company ("AIG"), sued Defendants, J. Brian O'Neill ("O'Neill"), Carolina Acquisition LLC ("Carolina"), and Bank of America, seeking a declaratory judgment finding that none of the Defendants are entitled to coverage under a luxury yacht insurance policy ("Policy") for the loss complained of. Plaintiff alleged that neither Carolina nor O'Neill can recover under the Policy

---

[1] Bank of America is filing this Motion prior to the conclusion of the Plaintiff's case in chief in order to provide the Court and the Parties an advanced opportunity to review its anticipated arguments.

because of O'Neill's alleged misstatements on the Policy application rendered the Policy *ab initio*; that even if the Policy were in effect the claimed loss was not covered; that regardless of whether or not the loss was covered it did not occur during the Policy period; and that the warranty of seaworthiness was breached because the insured vessel, *BREYMERE*, was not seaworthy at the inception of the Policy and therefore the Policy is void under maritime law.  Specifically with respect to Bank of America, Plaintiff claims that Bank of America is not entitled to coverage (1) because the warranty of seaworthiness was breached at the inception of the Policy; (2) that the claimed loss did not occur within the Policy period and was not a covered loss; (3) that the misrepresentations of O'Neill voided the policy; and (4) that there was not a valid contract for insurance between Bank of America as the mortgagee and AIG as the insurer.[2]

As a result, Plaintiff claims that it is entitled to a declaratory judgment finding that none of the Defendants are entitled to coverage under the Policy for the claimed loss.  With respect to Plaintiff's claims regarding the loss not being a covered loss and the loss not occurring within the covered Policy period (along with all of the other claims asserted by Plaintiff in its attempt to avoid coverage), Bank of America intends to join any Rule 52(c) motions for judgment on partial finding which may be filed by Defendants, O'Neill and/or Carolina.  With respect to the remaining defenses to coverage asserted by the Plaintiff specifically against Bank of America (i.e. breach of warranty of seaworthiness, misrepresentations of O'Neill, and no valid contract between AIG and Bank of America as mortgagee), these defenses are legally insufficient and are not supported by the evidence in this case.  Thus, this Court should grant Defendant, Bank of America's, Motion for Judgment on Partial Findings with respect to Plaintiff's defenses to coverage asserted specifically against Bank of America (i.e. breach of warranty of seaworthiness, misrepresentations of O'Neill, and no valid contract between AIG and Bank of America as mortgagee).

---

[2] Plaintiff withdrew its misrepresentation claim against Bank of America.  *See* [DE 71] Plaintiff's Notice of Striking Count IV of the First Amended Complaint.

## STANDARD

Under Federal Rule of Civil Procedure 52(c), governing motions for judgment on partial findings,"[i]f a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 52(c). "In addressing a Rule 52(c) motion, the court does not view the evidence in the light most favorable to the nonmoving party, as it would in passing on a Rule 56 motion for summary judgment or a Rule 50(a) motion for judgment as a matter of law; instead, it exercises its role as factfinder." *United States v. $242,484.00*, 389 F.3d 1149, 1172 (11th Cir. 2004).

## ARGUMENT

This Court should grant Bank of America's Motion for Judgment on Partial Findings on Plaintiff's declaratory judgment claim against Bank of America. Plaintiff's defense to coverage of Bank of America under the Policy on the grounds that the warranty of seaworthiness was breached and the Policy was void *ad initio* is a legally insufficient defense as applied to Bank of America. This is so regardless of any factual findings regarding the alleged unseaworthiness of the covered vessel at the inception of the Policy. Under the clear and unambiguous mortgagee's interest clause contained in the Policy, Plaintiff insured the interest of Bank of America in the covered vessel and explicitly waived any defense to coverage based on any warranty or condition over which Bank of America had no control. The warranty of seaworthiness is without question a warranty or condition over which Bank of America had no control, and therefore Plaintiff's defense to coverage with respect to Bank of America based on the alleged breach of the warranty of seaworthiness is not a legally sufficient defense to coverage. Additionally, any misrepresentations by O'Neill are also waived under the terms of the mortgagee's interest clause.

Similarly, Plaintiff's defense to coverage against Bank of America on the grounds that there

was not a binding contract between Plaintiff and Bank of America is not supported by applicable law or the evidence in this case. Under Pennsylvania law, a mortgagee's interest clause creates a separate and distinct contract between the insurer and the mortgagee. The evidence demonstrates that (1) the Policy included a mortgagee's interest clause, providing additional rights to the mortgagee; (2) that Bank of America was the mortgagee under the Policy; and (3) that additional amounts were paid to the Plaintiff in consideration for the mortgagee's interest clause. Accordingly, Bank of America (by virtue of the mortgagee's interest clause and the separate consideration paid therefore) was part of a valid and separate contract of insurance with the Plaintiff, and Plaintiff's defense to coverage of Bank of America on the grounds that there was no valid contract between Plaintiff and Bank of America is not supported by existing law or the evidence in this case. Therefore, as a legal matter, Plaintiff's primary defenses to coverage specifically with respect to Bank of America (i.e. breach of warranty of seaworthiness, misrepresentations of O'Neill, and no valid contract between AIG and Bank of America as mortgagee) are insufficient and judgment should be found in favor of Bank of America with respect to these defenses to coverage under the Policy.

**A.    *Plaintiff's defense to coverage against Bank of America based on the alleged breach of the warranty of seaworthiness (or any other alleged breach of warranty over which Bank of America had no control) is insufficient as a matter of law.***

Plaintiff claims that the warranty of seaworthiness was breached at the inception of the Policy, and therefore, the Policy never came into force and Bank of America is not entitled to coverage as a result. *See* Plaintiff's Proposed Findings of Fact and Conclusions of Law [DE 355] at ¶ 53. This defense, with respect to Bank of America, is insufficient as a matter of law regardless of whether the insured vessel, *Bryemere*, was not seaworthy at the inception of the Policy because the Plaintiff waived the warranty of seaworthiness as applied to Bank of America by including the mortgagee's interest clause in the Policy.

Under federal maritime law, a warranty of seaworthiness by the owner is implied in every hull insurance policy. *Ins. Co. of N. Am. v. Bd. of Com'rs of Port of New Orleans*, 733 F.2d 1161, 1165 (5th Cir. 1984). "The warranty is a continuing obligation that 'the owner, from bad faith or neglect, will not knowingly permit the vessel to break ground in an unseaworthiness condition.'" *Id*. (citation omitted). An insurer may, however, waive or displace the absolute warranty of seaworthiness. *See e.g., Employers Ins. of Wausau v. Occidental Petroleum Corp.*, 978 F.2d 1422, 1439 (5th Cir. 1992).

Plaintiff argues that once the court finds the warranty of seaworthiness is breached, there is no need to consider argument regarding possible coverage. [DE 355] Plaintiff's Findings, at 49. This argument, however, completely ignores the fact that the warranty may be waived and that the mortgagee's interest clause contained in the Policy at issue expressly did just that. Additionally, none of the cases Plaintiff cites in support of its argument involved marine insurance policies containing a mortgagee's interest clause expressly waiving "*any warranty*," and thus, they are not helpful in analyzing the Policy before the court. *See Kilpatrick Marine Piling v. Fireman's Fund Ins. Co.*, 795 F.2d 940 (11th Cir. 1986) (no discussion of mortgagee's interest clause); *D. J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145 (5th Cir. 1979) (no discussion of mortgagee's interest clause); *Gulfstream Cargo, Ltd. v. Reliance Ins. Co.*, 409 F.2d 974, 974 (5th Cir. 1969) (no discussion of mortgagee's interest clause).

It is undisputed that the Plaintiff included a mortgagee's interest clause in the Policy, which provides in relevant part:

> It is understood and agreed that in the interest of the Mortgagee(s) $1,976,000, shall not be impaired or invalidated by any act or omission, or neglect of the mortgagor, owner, master, agent or crew of the vessel(s) insured by this policy, ***or by failure to comply with any warranty or condition over what (sic) the Mortgagee has no control.***

[DE 355] Plaintiff's Proposed Findings, at ¶ 28 (emphasis added).  It is also undisputed that Bank of America is the mortgagee of the insured vessel, *Bryemere*.  *Id* at ¶ 14.

Under the clear and unambiguous terms of the mortgagee's interest clause, the Plaintiff waived and displaced the warranty of seaworthiness (and any other warranty over which the mortgagee has no control) with respect to the mortgagee (Bank of America).  As noted above, the warranty of seaworthiness is implied in every hull insurance policy.  *Ins. Co. of N. Am.*, 733 F.2d at 1165.  The language of the mortgagee's interest clause explicitly and unambiguously provides that the mortgagee's interest in the policy shall not be impaired or invalidated " . . .by failure to comply with **any warranty or condition over what (sic) the Mortgagee has no control**."  [DE 355] Plaintiff's Proposed Findings, at ¶ 28 (emphasis added).

The warranty of seaworthiness is undeniably "any warranty" over what Bank of America (as mortgagee) has no control.  Bank of America (as mortgagee) could not possibly control whether the insured vessel was seaworthy.  Accordingly, under the clear and unambiguous terms of the mortgagee's interest clause contained in the Policy, the Plaintiff expressly waived the warranty of seaworthiness (and any other warranty over which Bank of America had no control) with respect to Bank of America as mortgagee.

Plaintiff, a sophisticated marine insurer, was well aware of the warranty of seaworthiness at the time it issued the Policy containing the mortgagee's interest clause.  If Plaintiff wanted to make Bank of America responsible for the breach of any warranty or condition (even those over which it had no control, including the warranty of seaworthiness) it could have done so by excluding the mortgagee's interest clause from the policy or by significantly altering the language of the clause.  Having elected to include the clause in its policy, the Plaintiff is now bound by its clear and unambiguous terms.  Thus, Plaintiff's defense to coverage with respect to Bank of America on the basis of a breach of the warranty of seaworthiness is insufficient as a matter of law.

Further, any defense to coverage against Bank of America on the basis of any misstatement or breach of any warranty by Defendants, O'Neill or Carolina, are also insufficient defenses as such defenses have also been waived under the mortgagee's interest clause, which provides that Bank of America's interest in the Policy (as mortgagee) is not impaired or invalidated by any act, omission, or neglect of O'Neill or Carolina or the failure to comply with any warranty or condition over what Bank of America has no control.

This is consistent with Pennsylvania law, which provides that a mortgagee's interest is unaffected by any act or neglect of the mortgagor, of which the mortgagee is ignorant, whether such act or neglect was done or committed prior or subsequent to the issue of the mortgage clause. *See Behm v. Reliance Ins. Co. of Pennsylvania*, 20 Pa. D. & C. 495, 496 (Pa.Com.Pl. 1934). Thus, because it is undisputed that Bank of America was unaware of any misrepresentations alleged by Plaintiff against O'Neill, any defense to coverage asserted against Bank of America based on the alleged misrepresentations of O'Neill is insufficient as a matter of law.

Additionally, Bank of America (by virtue of the mortgagee's interest clause) is entitled to coverage under the Policy independent of O'Neill or Carolina. *See AGF Marine Aviation & Transp. v. Cassin*, 544 F.3d 255, 266 (3d Cir. 2008) (indicating that a loss payee is entitled to independent coverage under an insurance policy when there is language in the policy providing that the policy shall not be invalidated by any act or neglect of the insured).

**B.** *Plaintiff's defense to coverage against Bank of America based on the claim that there was no valid contract between Bank of America and the Plaintiff is contrary to existing law and not supported by the evidence in this case.*

Plaintiff's second primary defense to coverage asserted against Bank of America is that there was never an independent contract between Bank of America and the Plaintiff, and thus Bank of America was not covered under the mortgagee's interest clause contained in the Policy. *See* Plaintiff's Proposed Findings of Fact and Conclusions of Law [DE 355] at ¶ 53. This defense,

however, is contrary to existing law and is not supported by the evidence in this case.

Under Pennsylvania law, a standard mortgagee's interest clause included in an insurance policy creates a separate, distinct and independent contract of insurance in favor of the mortgagee. *See World of Tires, Inc. v. Am. Ins. Co.*, 360 Pa. Super. 514, 519, 520 A.2d 1388, 1390 (1987); *Satchell v. Ins. Placement Facility of Pennsylvania*, 241 Pa. Super. 287, 297, 361 A.2d 375, 379 (1976). Plaintiff acknowledges that a standard mortgagee's interest clause creates a separate, distinct and independent contract between the *insurer* and the *mortgagee* and that the mortgagee's interest clause at issue is such a standard clause ([DE 355] Plaintiff's Proposed Findings, at 53), but then incomprehensibly attempts to argue that such an independent contract between Bank of America (as mortgagee) and Plaintiff (as insurer) was never formed because there was no offer, acceptance, consideration or meeting of the minds between Plaintiff and Bank of America with respect to the mortgagee clause in the Policy. The gravamen of Plaintiff's argument is that the mortgagee's interest clause of the Policy would only apply to Bank of America if the mortgagor (Carolina) was also the named insured under the policy. Such an argument runs contrary to the clear terms of the Policy and the authorities cited by Plaintiff, and should similarly be rejected by this Court.

> **i.     Plaintiff ignores the clear and unambiguous language of the binding Policy, which provides Bank of America coverage by virtue of the mortgagee's interest clause.**

The mortgagee's interest clause, providing the separate, distinct and independent contract between Plaintiff and Bank of America states, in pertinent part:

> It is understood and agreed that in the interest of the ***Mortgagee(s)*** $1,976,000, shall not be impaired or invalidated by any act or omission, or neglect of the mortgagor, owner, master, agent or crew of the vessel(s) insured by this policy, or by failure to comply with any warranty or condition over what the ***Mortgagee*** has no control.

[DE 355] Plaintiff's Proposed Findings of Fact and Conclusions of Law at ¶ 28 (emphasis added).

Under the clear terms of the mortgagee's interest clause, Bank of America (as mortgagee) was contemplated as an entity protected under the Policy and is entitled to the full protection of its interest in the insured vessel (the *Bryemere*) under the clause for any acts, omissions or neglect of the mortgagor, owner, master, agent or crew of the vessel, or by failure to comply with any warranty or condition over what the Mortgagee (Bank of America) has no control. Importantly, the clause contains no requirement that the mortgagor also be the insured. In fact, the clause distinguishes between the mortgagor, owner, master, agent or crew of the vessel, thereby contemplating that such entities may be separate and distinct, but nevertheless providing the mortgagee with coverage for their actions or omissions.

Under Pennsylvania law, parties are free to contract as they see fit. *Com., Dept. of Transp. v. Paoli Const. Co.*, 35 Pa. Cmwlth. 390, 393, 386 A.2d 173, 175 (1978) ("Few principles of law are more firmly established than the principle conferring upon parties the right freely to contract.") "When the parties to an agreement reduce their understanding to a writing that uses clear and unambiguous terms, a court should look no further than the writing itself when asked to give effect to that understanding." *Brokers Title Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 610 F.2d 1174, 1178 (3d Cir. 1979). In the instant matter, Plaintiff and O'Neill contracted to, *inter alia*, provide the mortgagee (Bank of America) with the coverage set forth in the mortgagee's interest clause and O'Neill made payments in consideration for such coverage. Plaintiff would have this Court ignore the clear and unambiguous terms of the Policy and mortgagee's interest clause it ***agreed to and issued***. If Plaintiff, a sophisticated underwriter, had any objections to the mortgagee's interest clause, it had the full ability to object to and reject it. Having agreed to the mortgagee's interest clause and having received the benefit of payment in consideration thereof, Plaintiff is bound by its terms and those terms must be enforced against it.

      ii.      **Plaintiff misconstrues authority it relies on for its untenable position and cites authority supporting Bank of America's position rather than its own.**

Plaintiff blatantly misconstrues authority it relies on for its untenable position that Bank of

9

America is not covered under the mortgagee's interest clause because Carolina is not the named insured. Plaintiff cites Couch on Insurance for the proposition that "a standard mortgagee's interest clause is then only binding if there is an offer which reflects such a meeting of the minds between the insurer and the mortgagee, after it is accepted in [a] manner that reflects that same meeting of the minds and executed." [DE 355] Plaintiff's Proposed Findings, at 55 (citing 4 Couch on Ins. ¶65:33 (2011). This is not at all what 4 Couch on Ins. ¶65:33 provides. In fact, 4 Couch on Ins. ¶65:33 supports Bank of America's position, not Plaintiff's. It provides that "a standard mortgage clause that is set forth in the policy that in turn is executed and accepted, is binding, and the parties to the contract of insurance are presumed to have known the effect of attaching a standard mortgage clause." 4 Couch on Ins. § 65:33. There is nothing in this provision that requires a meeting of the minds between the insurer and the mortgagee, rather it supports the position that the mortgagee's interest clause, agreed to and issued by Plaintiff, is binding on the Plaintiff and the Plaintiff is presumed to know the effect of the clause (i.e., that Bank of America's interest in the *Bryemere* as the mortgagee is covered under the Policy). As the Plaintiff recognizes, the mortgagee's interest clause itself is what brings the insurer and insured mortgagee into relations of privity. *See* [DE 355] Plaintiff's Proposed Findings, at 55 ("a standard or union mortgage clause brings the insurer and the insured mortgagee into *relations of privity*, to convert the mortgagee into a part to the contract of insurance, to give the mortgagee separate and distinct protection to his interest.") (citing *May v. Market Ins. Co.*, 387 So. 2d 1081, 1085 (La. 1980).

      **iii.**    **Plaintiff's claims of lack of privity, consideration, and meeting of the minds similarly attempt to distract the Court from the clear and unambiguous terms of the mortgagee's interest clause, which entitles Bank of America to coverage as mortgagee.**

Despite the clear and unambiguous terms of the Policy, Plaintiff argues that Bank of America cannot recover under the mortgagee's interest clause because there was no consideration for the

mortgagee's interest clause. [DE 355] Plaintiff's Proposed Findings, at 56. Plaintiff makes the incomprehensible argument that there would only be consideration for the mortgagee's interest clause if Carolina was the named insured. *Id*. To support this position Plaintiff cites *May*. *Id*.

In *May*, the court merely cited a section from Couch on Insurance regarding the effect of a standard mortgage clause. *See May*, 387 So. 2d at 1084 (citing Couch on Insurance s 42:648 (2d ed. 1963) ("The consideration for the insurer's undertaking with respect to the mortgagee under the standard clause is the consideration for which the policy was itself issued to the mortgagor, and a standard mortgage clause creates a separate contract between the insurer and the mortgagee, and is enforceable by the mortgagee . . ."). This section of Couch merely discusses a situation where the policy is issued to the mortgagor; it does not require such a structure nor does it prohibit parties from formulating a different structure.

As pointed out above, parties are free to contract as they see fit. *Paoli*, 386 A. 2d at 175. It is undisputed that Plaintiff entered into the Policy with O'Neill, that the Policy contained (as an endorsement) a mortgagee's interest clause, that Bank of America was the mortgagee, and that O'Neill paid an additional premium for that mortgagee's interest clause. There simply is no requirement in law or in the Policy or mortgagee's interest clause that the mortgagor also be the named insured. Having agreed to include and be bound by the mortgagee's interest clause and having accepted payments in consideration thereof, Plaintiff cannot now seek to avoid the consequences of the clause because it does not want to make a payment it is clearly required to make.

Plaintiff also claims there was no meeting of the minds between Bank of America and Plaintiff, which it alleges is necessary for the mortgagee's interest clause to apply to Bank of America. [DE 355] Plaintiff's Proposed Findings, at 59. Plaintiff argues that there was no meeting of the minds because Plaintiff thought O'Neill was the mortgagor and vessel owner. *Id*. Again, Plaintiff would have the court ignore the clear and unambiguous terms of the Policy. Plaintiff and O'Neill agreed that Plaintiff would provide insurance coverage for the insured vessel (the *Bryemere*) and that the mortgagee (Bank of America) would be provided with additional protection as set in the mortgagee's interest clause. Plaintiff is right, "[a] meeting of the minds can only occur when both

11

parties mutually agree to the same term." [DE 355] Plaintiff's Proposed Findings, at 59 (citing *Frank Mailboxes Etc.*, 2004 WL 3092492, at *414 (Pa. Com. Pl. 2004). Here, Plaintiff and O'Neill agreed that Bank of America would be covered by the mortgagee's interest clause and that the *Bryemere* would be the insured vessel. Additionally, it is undisputed that Bank of America received a certificate of insurance reflecting the breach of warranty clause (contained in the mortgagee's interest provision) prior to funding the loan. As noted above, "a standard mortgage clause that is set forth in the policy that in turn is executed and accepted, is binding, and the parties to the contract of insurance are presumed to have known the effect of attaching a standard mortgage clause." 4 Couch on Ins. § 65:33.

Plaintiff also makes the attenuated argument that the Policy is an indemnity contract and that under Pennsylvania law indemnity contracts only protect the insured's interest in the *Bryemere*, and therefore, because Bank of America is not the insured, Bank of America is not entitled to coverage under the policy. [DE 355] Plaintiff's Proposed Findings, at 63. Again, as with Plaintiff's previous arguments, Plaintiff ignores the clear and unambiguous terms of the Policy, which provide coverage to Bank of America under the mortgagee's interest clause for its interest in the vessel, which is undeniably the *Bryemere*.

Similarly, Plaintiff makes the argument that binders sent bearing Carolina as the named insured were never received by Plaintiff, thus there was no meeting of the minds between Plaintiff and Bank of America, and therefore there is no mortgagee interest in favor of Bank of America. [DE 355] Plaintiff's Proposed Findings, at 59. Plaintiff claims that Bank of America seeks to hold Plaintiff to policy terms and conditions which it never agreed to accept, and therefore there was never an offer, acceptance, or meeting of the minds. *Id.* at 18. As pointed out repeatedly throughout this reply, Plaintiff entered into a binding contract to provide insurance, which included the mortgagee's interest clause, insuring Bank of America's interest in the insured vessel (the *Breyemere*). To find otherwise, would be to ignore the clear and unambiguous terms of the Policy.

As the United States Supreme Court duly noted, "Courts have always set their faces against an insurance company which, having received its premiums, has sought by technical defenses to avoid payment . . ." *Mut. Life Ins. Co. of New York v. Hill*, 193 U.S. 551, 559, 24 S. Ct. 538, 541, 48 L. Ed. 788 (1904). It is not in dispute that Plaintiff received premiums under the Policy, which includes the mortgagee's interest clause. Accordingly, this court should set its face against Plaintiff, which asserts numerous technical defenses that are legally insufficient in order to avoid payment it is clearly required to make under the terms of the Policy and mortgagee's interest clause.

## CONCLUSION

Based on the above mentioned arguments and cited legal authorities, Plaintiff's defenses to coverage with respect to Bank of America (i.e. breach of warranty of seaworthiness, misrepresentations of Carolina or O'Neill, and no binding contract between Bank of America and the Plaintiff) are insufficient as a matter of law and are not supported by the evidence in this case. Accordingly, the Court should grant Bank of America's Motion for Judgment on Partial Findings or any other relief deemed just and proper.

Respectfully submitted,

 /s/  Reid A. Schaeffer
J. RANDOLPH LIEBLER
Florida Bar No. 507954
E-mail: jrl@lgplaw.com
Reid A. Schaeffer
Florida Bar No. 0070537
E-mail: ras@lgplaw.com
Attorneys for Bank of America, N.A.
**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone:  (305) 379-0400
Facsimile:  (305) 379-9626

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of February, 2012, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Reid A. Schaeffer for
J. RANDOLPH LIEBLER

## SERVICE LIST

Andrew W. Anderson, Esq.
aanderson@houckanderson.com
Adria G. Notari, Esq.
anotari@houckanderson.com
Marcus G. Mahfood, Esq.
mmahfood@houckanderson.com
HOUCK ANDERSON, P.A.
200 South Biscayne Blvd.
Suite 300
Miami, Florida 33131
Telephone: (305) 372-9044
Facsimile: (305) 372-5044
*Attorneys for Plaintiff*

Meghan C. Moore, Esq.
mmoore@vpl-law.com
Jeffrey L. Greyber, Esq.
jgreyber@vpl-law.com
R. Hugh Lumpkin, Esq.
hlumpkin@vpl-law.com
W. Allen Bonner, Esq.
abonner@vpl-law.com
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street, 30th Floor
Miami, FL 33131
Telephone: (305) 577-3996
Facsimile: (305) 577-3550
*Attorneys for J. Brian O'Neill & Carolina Acquisition, LLC*